UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MARTHA KAREN JONES | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00182 |
| | ) | REEVES/GUYTON |
| DAVOL, INC., and C.R. BARD, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On June 13, 2008, Martha Karen Jones underwent surgery for repair of an abdominal hernia. During the procedure, Dulex Mesh ("the Device") was implanted in Jones's body to provide extra reinforcement to the hernia defect. The Device later became infected, and, in September 2012, it had to be surgically removed. Jones later underwent additional surgeries to treat mesh-related complications, including surgeries on May 12, 2017.

On May 11, 2018, Jones filed this product liability suit against the Device's manufacturer and distributor, C.R. Bard, Inc., and its subsidiary Davol, Inc. (collectively "Defendants"), bringing claims for negligence, strict product liability, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of implied warranty, failure to warn, and fraud. In July 2018, Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on grounds that Jones's claims are time-barred by the applicable statutes of limitations [D. 11]. When Jones failed to timely respond to Defendants' motion, the Court ordered her to show cause on or before August 13, 2018, as to why her complaint should not be dismissed [D. 14]. Jones responded to the show cause order [D. 17] and the motion to dismiss [D. 16] on August 13.

1

Defendants replied on August 20 [D. 18], and this motion is now ripe for adjudication. For the reasons that follow, Defendants' motion to dismiss will be granted in part and denied in part.

I. **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must articulate a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a Rule 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Dismissal is appropriate only if the Court finds that the plaintiff "can prove no set of facts in support of [her] claims that would entitle [her] to relief." *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). But even with this liberal standard, the Sixth Circuit has made clear that "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Where it is apparent on the face of a complaint that the plaintiff's suit is time-barred, judgment on the pleadings in favor of the defendant is proper. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *Rohner v. Union Pac. R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955); *Craig v. W. & S. Indem. Co.*, 119 F.2d 591, 592 (6th Cir. 1941). But if ruling on the statute of limitations defense requires reliance on matters and factual determinations outside the pleadings, further discovery may be warranted, and dismissal under Rule 12(b)(6) is inappropriate. *See, e.g.*, *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (holding that the district court erred in dismissing plaintiff's claims based on an affirmative defense because the record was insufficiently developed).

## II. DISCUSSION

The Tennessee Products Liability Act of 1978 ("TPLA") governs "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). The TPLA applies to any case involving an allegedly defective or unreasonably dangerous product, irrespective of the underlying substantive legal theory. *Id.*; *see also Spence v. Miles Labs., Inc.*, 37 F.3d 1185, 1189 (6th Cir. 1994) (holding that claims of defective manufacture, negligence, failure to warn, and breach of warranty all fell within the confines of the TPLA). But the particular cause of action determines which statute of limitations applies. The TPLA references four different limitations periods, two of which are relevant to this case and are discussed in detail below. Tenn. Code Ann. § 29-28-103(a). In addition to complying with the statute of limitations, a plaintiff must also file her action within the TPLA's ten-year statute of repose, which can bar a suit even before the plaintiff suffers any injury. *Id.*; *Mathis v. Eli Lilly & Co.*, 719 F.2d 134, 141 (6th Cir. 1983).

### A. *Statute of Limitations*

#### 1. Claims Governed by Tennessee Code § 28-3-104

The majority of Jones's claims are subject to the one-year statute of limitations for personal injury actions, set forth in Tennessee Code § 28-3-104. *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 427 (Tenn. 1996) (noting that § 28-3-104 applies in product liability cases). The limitations period dictates the time in which a suit may be brought once a cause of action accrues. "The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product." Tenn. Code Ann. § 28-3-104(b)(1). Thus, at the latest, Jones's personal injury claims accrued in September 2012, when the Device was surgically removed due

3

to an infection. But Jones did not file suit until May 2018, more than four and a half years after the limitations period expired. Nevertheless, Jones contends that she could not have discovered the cause of her injury within the one-year statute of limitations, and that "under an appropriate application of the discovery rule," her complaint was timely filed [D. 16, at 7].

The discovery rule provides that "[a] cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Gilmore v. Davis*, 185 F. App'x 476, 481 (6th Cir. 2006) (quoting *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 490-91 (Tenn. 1975)). "[A] plaintiff need not actually know the specific type of legal claim he or she has so long as the plaintiff is 'aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.'" *Stanbury v. Bacardi*, 953 S.W.2d 671, 678 (Tenn. 1997) (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)). In other words, once the injury is detected and wrongdoing is suspected, the limitations period begins to run. *Id.*

Jones was clearly aware of her injury by September 2012, when the Device was surgically removed due to an infection. But Jones says that the *cause* of her injury could not have been discovered within the applicable limitations period, and that she did not learn of Defendants' wrongful conduct until approximately July 19, 2017 [D. 1, at 8]. If this is true, then Jones's complaint (submitted in May 2018) was timely filed. And based on the present record, the Court cannot definitively say that within one year of the Device's removal, Jones *should* have known of the precise cause of her injuries and that the injuries were caused by Defendants' wrongful conduct.

The fact that Plaintiff had the infected Device removed in September 2012 does not prove she knew the cause of her injury at that time, as Defendants argue in their reply brief [D. 18, at 3]. It may be true that under Tennessee law, a plaintiff does not need a "medical or bioengineering

to an infection. But Jones did not file suit until May 2018, more than four and a half years after the limitations period expired. Nevertheless, Jones contends that she could not have discovered the cause of her injury within the one-year statute of limitations, and that "under an appropriate application of the discovery rule," her complaint was timely filed [D. 16, at 7].

The discovery rule provides that "[a] cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *Gilmore v. Davis*, 185 F. App'x 476, 481 (6th Cir. 2006) (quoting *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 490-91 (Tenn. 1975)). "[A] plaintiff need not actually know the specific type of legal claim he or she has so long as the plaintiff is 'aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.'" *Stanbury v. Bacardi*, 953 S.W.2d 671, 678 (Tenn. 1997) (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)). In other words, once the injury is detected and wrongdoing is suspected, the limitations period begins to run. *Id.*

Jones was clearly aware of her injury by September 2012, when the Device was surgically removed due to an infection. But Jones says that the *cause* of her injury could not have been discovered within the applicable limitations period, and that she did not learn of Defendants' wrongful conduct until approximately July 19, 2017 [D. 1, at 8]. If this is true, then Jones's complaint (submitted in May 2018) was timely filed. And based on the present record, the Court cannot definitively say that within one year of the Device's removal, Jones *should* have known of the precise cause of her injuries and that the injuries were caused by Defendants' wrongful conduct.

The fact that Plaintiff had the infected Device removed in September 2012 does not prove she knew the cause of her injury at that time, as Defendants argue in their reply brief [D. 18, at 3]. It may be true that under Tennessee law, a plaintiff does not need a "medical or bioengineering

understanding" of why their injuries occurred for a cause of action to accrue [D. 18, at 4], but Defendants' only authority for this proposition is a case reviewing a trial court's grant of *summary judgment*.[1] In a motion to dismiss, the Court takes Plaintiff at her word, and it will assume she did not know of her injury until approximately July 19, 2017, as stated in the complaint.

Because further discovery on this issue is warranted, Jones's personal injury claims will not be dismissed at this time.

### 2. Claim Governed by Tennessee Code § 47-2-725

Jones's breach of warranty claim (Count 5) requires a separate analysis because, in Tennessee, personal injury claims brought under a breach of warranty theory are subject to a longer four-year limitations period. Tenn. Code Ann. § 47-2-725. *See Commercial Truck & Trailer Sales, Inc. v. McCampbell*, 580 S.W.2d 765, 773 (Tenn. 1979) ("It is well settled in this jurisdiction that in actions for personal injury or property damage resulting from breach of warranty, the four-year statute provided in [Tenn. Code Ann.] § 47-2-725 controls."); *Meyer v. Tapeswitch Corp.*, 2017 WL 5495738, at *4 (M.D. Tenn. Nov. 16, 2017) (citing *McCampbell*). However, "the Tennessee Supreme Court has declined to apply the discovery rule in cases involving breach of warranty claims governed by Tenn. Code Ann. § 47-2-725." *Goot v. Metro. Gov't of Nashville & Davidson Cty.*, 2005 WL 3031638, at *10 (Tenn. Ct. App. Nov. 9, 2005) (citing *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 492 (Tenn. 1975)). Consequently, the cause of action for a

---

[1] *Jastrebski v. Smith & Nephew Richards, Inc.*, No. 02A01-9803-CV-00068, 1999 WL 144935 (Tenn. Ct. App. Mar. 18, 1999). In *Jastrebski*, the Tennessee Court of Appeals relied on two other cases, *Craig v. R.R. Street & Co., Inc.*, 794 S.W.2d 351 (Tenn. Ct. App. 1990) and *Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994), both of which were also heard on appeals from summary judgment.

breach of warranty claim always accrues when the breach occurs, regardless of whether the aggrieved party has knowledge of it at that time. Tenn. Code Ann. § 47-2-725(2). A breach occurs when delivery is tendered, except where a warranty explicitly extends to future performance. *Id.*

In this case, the alleged breach occurred, at the latest, when the Device was implanted in Jones's body on June 13, 2008. But Jones did not file suit until nearly a decade later, and the complaint does not contain any allegations regarding an express warranty that might alter the accrual date. Accordingly, Jones's breach of warranty claim is time-barred and will be dismissed.

### B. *Statutes of Repose*

Returning now to the surviving claims, the Court notes that the discovery rule will not save Jones's suit if it is otherwise time-barred by the TPLA's statute of repose, as Defendants contend. *See Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999) ("An equitable 'discovery rule' is not available to toll the statute of repose."). Unlike a statute of limitations, a statute of repose is "entirely unrelated to the accrual of a cause of action," and begins running on the occurrence of a certain event. *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001). Subject to certain exceptions, the TPLA provides, in relevant part:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within ... six (6) years of the date of injury, [and] in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption....

Tenn. Code Ann. § 29-28-103(a). These statutes of repose impose an "absolute time limit" within which products liability claims must be filed. *Greene*, 72 F. Supp. 2d at 886.

As to the six-year time limit, the Court notes that Jones's injury occurred at some time between the Device's implantation in June 2008 and its removal in September 2012. Because neither party argues for a more precise date, the Court will assume for purposes of ruling on the

6

present motion that the injury occurred immediately prior to the Device's removal. If that is in fact the case, then the complaint was filed approximately five years and eight months later—well within six years of the date of injury.

The date on which the product was "first purchased for use or consumption" is less obvious. Jones filed her lawsuit approximately nine years and eleven months after the Device was implanted. In their motion for summary judgment, Defendants say that the initial sale of the Device "certainly preceded the date of implant," but there is no evidence in the record to suggest what this date might be [D. 11-1, at 3 n. 2]. Further, it is not entirely clear which date the statute of repose hinges on—the initial purchase by the hospital for future use on a patient or the ultimate purchase by the end-user/patient on the date of implantation. Defendants suggest the former, but point to no supporting case law. Because it is presently unclear as to whether the ten-year statute of repose bars Jones's claims, dismissal of her complaint is not appropriate at this time.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [D. 11] is **GRANTED** as to Jones's breach of warranty claim (Count 5), and **DENIED** as to all other counts.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**